Agustín Pérez, Plaintiff and Appellant, v. María Narcisa Pérez-Díaz and Dr. Frank Rivera, in charge of the Civil Registry of Hormigueros, P. R., Defendants and Appellees.

No. 3455. Argued March 5, 1925.—Decided July 28, 1925.

1. Injunction—Equity Practice.—Where a clear indication of legislative intention to abolish the rules of equity practice does not exist, a court does not commit error in dismissing a petition for a restraining order and injunction when ''an alleged property right'' upon which ''the exercise of the power'' —the granting of the remedy—could be even ''nominally based'' does not exist.

2. Id.—Pleading.—The averment as to irreparable injury in the petition for a restraining order and injunction in a suit for a divorce on the ground of adultery to prevent the record of the birth of an infant as the child of the plaintiff having been considered, *Held:* That the averment was vague and unsatisfactory.

District Court of Mayagüez, Angel Acosta, J. Judgment dismissing a petition for restraining order and injunction. *Affirmed.*

*Alemañy & Ramírez* for appellant. *Pedro Baigés Gómez* for appellee María Narcisa Pérez.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit for a divorce upon the ground of adultery, with a prayer for a pronouncement as to the legal status of a child alleged to be the result of such illicit relation, and for a temporary restraining order to prevent the record of the birth of such infant, as the child of plaintiff, in the civil registry.

We are at present concerned only with the feature last mentioned, the sole contention of appellant being that—

''The court erred in denying the petitions for a restraining order and injunction on the ground that in an action of the kind brought in this case no extraordinary remedy of the nature sought will lie until the action is definitely disposed of.''

[1] In support of this proposition appellant relies upon our statutory definition of an injunction. Compiled Statutes, section 1354, upon the maxim *ubi lex non distinguit, nec nos distinguere debemus,* and upon an extract quoted in the brief as follows:

"Although the jurisdiction of equity, to grant an injunction, is ordinarily regarded as confined to cases where rights of property are involved and as not extending to an exclusively personal right, yet, in many cases, in which relief has been granted it would seem that, though the exercise of the power is nominally based on an alleged property right, the observance of the rule that equity will be limited to rights of property is, in fact, only a nominal one, the right, to protect which relief is granted, being in reality merely personal. . . In one jurisdiction it has been directly asserted that .an injunction may be granted to protect a personal right, which ruling, although made in a jurisdiction where the civil law controls, nevertheless seems to accord in spirit, if not in the language employed, with some of the modern decisions." 14 R.C.L. 370.

But in the case at bar there is not even "an alleged property right" upon which "the exercise of the power" could be even "nominally' based."

Although our statute is apparently broad enough to permit an insular court to go as far as any court of equity would feel justified in going and we are not disposed to be any more conservative than other courts have been in this regard, yet we find no clear indication of a legislative intention to abolish the well recognized and long established rules of equity practice.

[2] Nor are we satisfied with the vague averment as to irreparable injury, to wit, that—

"The plaintiff will suffer irreparable injury by the establishment of the relation of father and child between him and the son of the defendant María Narcisa Pérez y Díaz, thereby affecting both the reputation and moral standing of the plaintiff as well as his feelings and dignity."

The paternity of the child born during wedlock being presumed, until the contrary is made to appear we fail to perceive, nor does appellant attempt to explain, just how an entry in the civil registry could create a new status or any additional liability, responsibility or even notoriety.

Similarly, plaintiff alleges that he has no other adequate remedy whereby "to avoid the illegal inscription of the

said child'' and in the brief for appellant counsel intimate that the furnishing of a bond would insure ample compensation to the wife and mother for any damages in the event of a final judgment in her favor. But plaintiff does not allege that the wife is unable likewise to respond in damages for any serious injury to plaintiff's reputation, sensibilities and dignity arising out of the contemplated entry, if wrongfully, wilfully or fraudulently caused to be made.

The judgment appealed from must be affirmed.